FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
2018 FEB 15  PM 1:25

UNITED STATES OF AMERICA
and THE STATE OF FLORIDA
ex rel. CHRISTINA PAUL,

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

Plaintiffs/Relator,

v.

Case No.: 8:18 cv 396 36 JSS

BIOTRONIK, INC., a
foreign corporation,

Defendant.

_____/

## COMPLAINT

Plaintiffs/Relator, CHRISTINA PAUL ("Relator"), by and through the attorneys of

record, on behalf of the UNITED STATES OF AMERICA and THE STATE OF

FLORIDA, files this Complaint against Defendant, BIOTRONIK, INC. ("Defendant"), and

allege based upon personal knowledge, relevant documents, and information and belief,

as follows:

### Nature of the Action

1.  This is a qui tam action to recover damages and civil penalties on behalf of the

United States of America and the State of Florida arising from false and/or fraudulent

statements, records, and claims made and caused to be made by Defendant and/or its

agents, employees and co-conspirators in violation of the Federal False Claims Act, 31

U.S.C. §§ 3729, et seq. and Florida False Claims Act, §§ 68.081 et seq., Fla. Stat.

2.  As set forth in detail below, Defendant knowingly engaged in a kickback scheme

designed to defraud Federal health care programs, including Medicare and Medicaid.



S-1

3.    Defendant conducted an organization-wide criminal effort across the state to enhance funding from federal health care programs in violation of the anti-kickback statute (42 U.S.C. § 1320a-7b(b)) by paying for unlawful financial inducements to various doctors and healthcare professionals in exchange for these individuals using Defendant's products and services in their respective medical facilities. The resulting illegal usage of Defendant's products produced several "false and fraudulent" claims under the Federal Civil False Claims Act ("FCA"), 31 U.S.C. §§ 3729, et seq. and Florida False Claims Act, §§ 68.081 et seq., Fla. Stat., and caused at least thousands of dollars in fraudulent payments by federal health care programs, including Medicare and Medicaid. Such claims cheated the government and unlawfully enriched Defendant. Therefore, Relator seeks to recover all available damages, civil penalties, and other relief for violations alleged herein.

## Parties

4.    Relator resides in Florida and is a Field Clinical Specialist with Defendant April 7, 2014 through the present. In that position, Relator is responsible for providing technical and clinical support to Sales Representatives within a defined geographic boundary. Relator was responsible for providing education, follow-up services, implant services, in service training, and other related services as necessary to the sales force, physicians, and other cardiac pacing-related professionals.

5.    Defendant is an Oregon corporation which conducts business operations within the State of Florida from offices located throughout the state. In addition to Florida, Defendant conducts operations in several other states. Defendant describes itself as "a

leading global medical device company with products and services that save and improve the lives of patients suffering from cardiovascular and endovascular diseases."

## Jurisdiction and Venue

6.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Under 31 U.S.C. § 3730(e), there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint. Relator is the original source of the facts and information alleged in this Complaint.

7.   This Court has personal jurisdiction over the Defendant pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because the Defendant has minimum contacts with the United States. Moreover, the Defendant can be found in this District and transacts business in this District.

8.   Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1395(a) and 31 U.S.C. § 3732(a) because the Defendant can be found in and transacts business in this District. At all times relevant to this Complaint, Defendant regularly conducted substantial business within this District, maintained employees in this District, and/or made significant sales within this District. In addition, statutory violations, as alleged herein, occurred in this District.

## Applicable Law

9.    The FCA prohibits knowingly presenting or causing to be presented to the federal government a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a)(1)(A). Additionally, it prohibits knowingly making or using a false or fraudulent record or statement "material to a false or fraudulent claim" paid or approved by the federal government, or "material to an obligation to pay" money to the government and further prohibits knowingly concealing and improperly avoiding or decreasing "an obligation to pay" money to the government. 31 U.S.C. § 3729(a)(1)(B) and (G). The FCA also prohibits two or more parties from conspiring to defraud the government by getting a false or fraudulent claim allowed or paid. 31 U.S.C. § 3729(a)(1)(C). Any person who violates the FCA is liable for a civil penalty of up to $11,000 for each violation, plus three times the amount of the damages sustained by the United States. 31 U.S.C. § 3729(a).

10.  The FCA does not require direct contact between a defendant and the government. By its terms, the FCA imposes liability on any person who presents or causes to be presented a false or fraudulent claim to the government (or false statement in support of a false or fraudulent claim). See 31 U.S.C. § 3729(a).

11.  To "cause" an FCA violation, it is not necessary that a defendant's fraudulent conduct be the last in the series of events that results in financial loss to the government. As applied by the courts, the standard for "causation" under the FCA is whether the submission of a false or fraudulent claim was "reasonably foreseeable" from a defendant's actions. Under this standard, a defendant's fraudulent conduct can occur anywhere in the chain of events leading to financial loss by the government, and can be

an indirect, as well as direct, cause of the loss. Moreover, the defendant need not be the recipient or beneficiary of the false claim. All that is required is that the defendant, by its fraudulent conduct, set in motion a series of events which results in a reasonably foreseeable loss to the government.

12. The FCA defines a "claim" to include any request or demand, whether under contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States government provides any portion of the money or property which is requested or demanded, or if the government will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested.

13. A "false claim" is defined by statute to include any claim that incorporates items or services resulting from a violation of the federal anti-kickback statute (42 U.S.C. § 1320a-7b(b)):

> (g) In addition to the penalties provided for in this section [i.e., 42 U.S.C. § 1320a-7b] … a claim that includes items or services resulting from a violation of this section constitutes a false or fraudulent claim for purposes of [31 U.S.C. §§ 3729 et seq.]

14. The anti-kickback statute, in turn, is violated whenever one knowingly and willfully offers, receives, solicits or pays anything of value, whether directly or indirectly, overtly or covertly, in cash or in kind, in return for the referral of an individual for services reimbursable by a Federal health care program or for the purchase or ordering of items or services reimbursable by a Federal health care program. The statute, violation of which is a felony offense, defines "Federal health care program" to include Medicare, Medicaid and any other "plan or program that provides health benefits, whether directly,

through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government." 42 U.S.C. § 1320a-7b(f).

15. The FCA allows any person having information about an FCA violation to bring an action on behalf of the United States, and to share in any recovery. The FCA requires that the complaint be filed under seal for a minimum of 60 days (without service on the defendants during that time) to allow the government time to conduct its own investigation and to determine whether to join the suit.

16. The Florida False Claims Act, §§ 68.081 et seq., Fla. Stat., is modeled after the FCA, and its liability provisions are virtually identical. Similarly to the FCA, any person who violates, or conspires to violate, the Florida False Claims Act is liable for three times the amount of the damages sustained by the State of Florida. In addition, a violator faces a civil penalty of up to $11,000 per claim.

## Underlying Facts

17. Upon information and belief, at least since relator began working for Defendant in April of 2014, Defendant has instituted a fraudulent scheme to generate consumer demand for its devices and services by implementing a system of illegal incentives paid for by Defendant that induce medical professionals for using Defendant's products and services in violation of the federal anti-kickback statute (42 U.S.C. 1320a-7b(b)).

18. Specifically, Paul McLoughlin, an employee of Defendant, has paid for trips, products, and services for various medical professionals to induce them to use Defendant's products, including, but not limited to:

> a. Paying for Dr. Ketul Chauhan, a cardiologist, and his family to go on a Disney cruise in exchange for using Defendant's products and services.

b. Paying for Dr. Chauhan and his girlfriend to go on vacation in exchange for using Defendant's products and services.

c. Paying for Dr. Chauhan's events he attends in exchange for using Defendant's products and services.

d. Paying for a cell phone for Dr. Aung Tun's, a cardiologist, girlfriend in exchange for using Defendant's products and services.

e. Taking Dr. Tun on an annual vacation to Burma and removing ten thousand dollars of company money to treat Dr. Tun while they were there in exchange for using Defendant's products and services. Additionally, Mr. McLoughlin has the company "donate" devices that are shipped to Burma for Dr. Tun to implant. Mr. McLoughlin does not take vacation time for these annual trips.

f. Paying illicit "donations" to Dr. Ramanath Rao, a cardiologist, in exchange for using Defendant's products and services.

g. Taking Dr. Phillip Owen, a cardiologist, on a ski trip in exchange for using Defendant's products and services.

19. The precise number of illegally procured clients cannot be known with certainty at this time, but the above examples only represent a few of the examples Relator has witnessed in her time with Defendant. Many of the devices and procedures used by the above-listed medical providers are reimbursed by federal healthcare programs, including Medicare and Medicaid.

20. Mr. McLoughlin also set up "dummy" home monitoring sites which allowed him to check on several doctor's patients remotely and receive income from HM shipments to

these patients. These shipments are likely reimbursed by federal healthcare programs, including Medicare and Medicaid.

21. Relator was the only individual to report Mr. McLoughlin's actions to Defendant prior to filing the present lawsuit.

22. Defendant took no action to address the above-referenced report of misconduct by Relator.

## COUNT ONE
### *Federal False Claims Act 31 U.S.C. § 3729(a)(1)(A)*

23. Relator repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

24. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729, et seq., as amended.

25. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to officers, employees or agents of the United States government for payment or approval. 31 U.S.C. § 3729(a)(1)(A).

26. The United States, unaware of the falsity of the claims made or caused to be made by the Defendant, paid and continues to pay the claims that would not be paid but for Defendant's unlawful conduct.

27. By reason of the Defendant's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

28. Additionally, the United States is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant arising from its unlawful conduct as described herein.

## COUNT TWO
### *Federal False Claims Act 31 U.S.C. § 3729(a)(1)(B)*

29. Relator repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

30. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false or fraudulent records and statements, and omitted material facts, to get false or fraudulent claims paid or approved by the United States government, within the meaning of 31 U.S.C. § 3729(a)(1)(B).

31. The United States, unaware of the falsity of the records, statements and material omissions made or caused to be made by the Defendant, paid and continues to pay the claims that would not be paid but for Defendant's unlawful conduct.

32. By reason of the Defendant's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

33. Additionally, the United States is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant arising from its unlawful conduct as described herein.

## COUNT THREE
### *Federal False Claims Act 31 U.S.C. § 3729(a)(1)(G)*

34. Relator repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

35. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly

and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, within the meaning of 31 U.S.C. § 3729(a)(1)(G).

36. The United States, unaware of the falsity of the records and statements and of the Defendant's concealment and unlawful conduct, was denied an opportunity to claim and demand return of the money and property to which it was legally entitled.

37. By reason of the Defendant's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

38. Additionally, the United States is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant arising from its unlawful conduct as described herein.

## COUNT FOUR
### *Florida False Claims Act § 68.082(2)(a), Fla. Stat.*

39. Relator repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

40. This is a claim for treble damages and penalties under the Florida False Claims Act, §§ 68.081 et seq., Fla. Stat., as amended.

41. By virtue of the acts described above, Defendant knowingly presented or caused to be presented, false or fraudulent claims to Florida for payment or approval, within the meaning of § 68.082(2)(a), Fla. Stat.

42. Florida, unaware of the falsity of the claims made or caused to be made by the Defendant, paid and continues to pay the claims that would not be paid but for Defendant's unlawful conduct.

43. By reason of the Defendant's acts, Florida been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

44. Additionally, Florida is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant arising from their unlawful conduct as described herein.

## COUNT FIVE
### *Florida False Claims Act § 68.082(2)(b), Fla. Stat.*

45. Relator repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

46. This is a claim for treble damages and penalties under the Florida False Claims Act, §§ 68.081 et seq., Fla. Stat., as amended.

47. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used false or fraudulent records and statements, and omitted facts, material to false or fraudulent claims, within the meaning of § 68.082(2)(b).

48. Florida, unaware of the falsity of the records, statements and material omissions made or caused to be made by the Defendant, paid and continues to pay the claims that would not be paid but for Defendant's unlawful conduct.

49. By reason of the Defendant's acts, Florida has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

50. Additionally, Florida is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant arising from their unlawful conduct as described herein.

## COUNT SIX
### *Florida False Claims Act § 68.082(2)(g), Fla. Stat.*

51. Relator repeats and re-alleges each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

52. This is a claim for treble damages and penalties under the Florida False Claims Act, §§ 68.081 et seq., Fla. Stat., as amended.

53. By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, within the meaning of § 68.082(2)(g), Fla. Stat.

54. Florida, unaware of the falsity of the records and statements and of the Defendant's concealment and unlawful conduct, was denied an opportunity to claim and demand return of the money and property to which it was legally entitled.

55. By reason of the Defendant's acts, Florida has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

56. Additionally, Florida is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendant arising from their unlawful conduct as described herein.

WHEREFORE, Relator, acting on behalf and in the name of the United States of America and the State of Florida, demands and prays that judgment be entered against Defendant under the Federal False Claims Act and Florida False Claims Act as follows:

      a. That Defendant cease and desist from violating 31 U.S.C. §§ 3729 et seq. and §§ 68.081 et seq., Fla. Stat., as set forth above;

b. That this Court enter judgment against Defendant in an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty of not less than $5,000 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

c. That this Court enter judgment against Defendant in an amount equal to three times the amount of damages the State of Florida has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of § 68.082(2), Fla. Stat.;

d. That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and § 68.085, Fla. Stat.;

e. That Relator be awarded all costs of this action, including attorneys' fees and expenses; and

f. That Relator recovers such other relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiffs/Relator hereby demands a trial by jury on all issues so triable.

Dated this \3^ day of February, 2018.

CAMPBELL TROHN
TAMAYO & ARANDA

By: _____

Robert Aranda
Florida Bar No. 988324
P.O. Box 2369
Lakeland, FL 33806
Tel: (863) 686-0043
Fax: (863) 616-1445
r.aranda@vctta.com – Primary
c.harris@vctta.com – Secondary
Attorneys for Plaintiff